ERNESTO FERNANDO SCHLÜTER, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 694. Submitted November 18, 1927.—Decided February 7, 1928.

*E. Campos del Toro* for the appellant. The registrar appeared by brief.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

In a public deed of June 17, 1921, Fermín Micheo and his wife acknowledged their indebtedness to Successors of Juan Bilbao & Co. in the sum of $3,681.66 and to Successors of Schlüter & Co., Ltd., in the sum of $3,622.09, and to secure payment they executed in favor of the two firms a mortgage on two properties belonging to them to mature at the same time and without any apparent preference between the creditors.

The foreclosure proceeding brought by Schlüter & Co. for the collection of their claim was notified to the other mortgagee and the properties were sold publicly to Ernesto Fer-

nando Schlüter for $1,000 which was paid to the marshal at the time of the sale.

The corresponding deed of sale having been executed by the marshal, the registrar of property refused to record it because it did not appear from the deed that the proceeds of the sale had been distributed *pro rata* between the purchaser and Successors of Juan Bilbao & Co. in accordance with section 125 of the Mortgage Law as amended in 1912, and because it was not shown that the minor defendants Clara and Miguel Micheo were the lawful heirs of Fermín Micheo. As regards the first ground of his decision the registrar cites the doctrine laid down by this court in *Ortiz v. Registrar*, 22 P.R.R. 316.

We notice that in his brief dated November 17, 1927, the registrar refers to the second ground of his decision as a curable defect, which seems a better reason than what appeared from the decision, that is, that the failure to show that the defendant minors were the lawful heirs of Fermín Micheo was a cause for refusal to record. There is no doubt that this point should have been sufficiently proved, but was not proved. Their status as the lawful heirs of Fermín Micheo should appear from the complaint, particularly in the case of a complaint or original writing in a mortgage foreclosure proceeding where there is no opportunity for the introduction of evidence when that fact could be shown.

Ernesto Fernando Schlüter has taken the present appeal from the decision of the registrar refusing the record. To the writing perfecting the appeal are attached a copy of the mortgage deed executed on June 17, 1921, before notary M. Guzmán Texidor, a copy of the deed of sale executed by the marshal of the District Court of Guayama in favor of Ernesto Fernando Schlüter before notary Campos Del Toro on September 13, 1927, and a simple copy of a motion for deposit made in the name of Schlüter in the mortgage foreclosure proceeding in which the public sale was made. We can not

consider as commendable or advisable the presentation of simple copies of motions which should be sent up to this court duly certified by the officer in whose keeping they are.

As appears from the documents copied into the deed, the notices of the public sale were published in the newspaper *La Correspondencia de Puerto Rico* on August 29 and 31 and September 6, 1927. The public sale took place in Guayama at 2 p. m. on September 6, 1927. It is beyond our comprehension how the marshal could be certain of the final publication of those notices, for the last publication was in the issue of the same day as the public sale. This point has not been submitted to our consideration.

The question most earnestly argued in the present case refers to the construction of section 125 of the Mortgage Law as amended by Act No. 31 of 1912. The respondent registrar is of the opinion, as shown by the note written at the foot of the document in question, that the *pro rata* distribution among the several creditors is an indispensable condition, and the appellant contends that it is not, since the rights of the creditors who have not followed the execution is secured by the continuance of the mortgage, although reduced.

The respondent registrar cites the decision of this court in *Ortiz* v. *Registrar, supra.*

We have examined the judicial sale deed of September 13, 1927, to which this appeal refers. It appears from its contents that the District Court of Guayama, on motion of the execution creditor, directed that the other creditor, Successors of Juan Bilbao & Co., be served with a copy of the complaint, the order and the demand for payment, and that such service was made by the marshal of that court.

The case of *Ortiz* v. *Registrar, supra,* is not similar to the present case. In that case no creditors other than the execution creditor were notified. The circumstances are different and we do not think that the same theory is applicable.

We have examined Act No. 31 of 1912 and it does not establish as an indispensable and precedent condition that the *pro rata* distribution shall be made before the execution of the deed of sale. Part of the last paragraph of section 125 of the Mortgage Law as it was there amended is as follows:

" . . . . Should the encumbered property be judicially sold, the price obtained therefor at the auction sale not covering the total of all the instalments or mortgages, said price shall be distributed *pro rata* among the different instalments or creditors, in proportion with the interest of each, and should any of the instalments or mortgages not have expired, and should the buyer of the property not desire to deposit the corresponding part of the price, buying the property encumbered, then the reduction in the amount of unexpired credits shall, in virtue of a judicial decree, be registered in the registry of property, in accordance with the prior provisions hereof."

From the option given to the purchaser and from the fact that in that particular case a judicial order is required to show the reduction of the unmatured credits, that is, a real partial cancellation, which order can not be issued until after the award in the public sale, it is inferred that the *pro rata* distribution does not precede the award, but is subsequent to it. Therefore the award and the deed executed thereunder are not void for lack of a *pro rata* distribution.

Section 65 of the Mortgage Law classifies as incurable any defects that necessarily render the obligation void. In harmony with this section it is provided in section 110 of the Regulations for the execution of the Mortgage Law that:

"In order to distinguish curable defects from those which are not, and to enter or not a cautionary notice by virtue thereof, according to the provisions of articles 65 and 66 of the law, the registrar shall consider the validity of the obligation the subject of the instrument. If such obligation should be void on account of its nature, conditions, the capacity of the parties thereto or a similar cause independent of its extrinsic form, the defect shall be considered incurable. . . . "

We are of the opinion that the judicial sale herein involved is not void, nor even voidable.

The vice or defect in the present case would be considered as curable. The registrar is entitled to know whether or not the the *pro rata* distribution has been made and whether or not there should be recorded in the registry the reduction mentioned in the last paragraph of section 125 as amended. But the purchaser has a right to prove to the registrar either the *pro rata* distribution or his acceptance of the property in the manner provided in that section; and this right would be prejudiced if such defect should be considered as incurable.

The two vices or defects assigned by the respondent registrar are curable.

The decision appealed from is reversed as to its classification as incurable of the defects pointed out.